UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 11-09953 JHN (SS)             Date: December 2, 2011
                                              Page 1 of 5

Title:       Nathan Gregory Sessing v. Martin Biter, Warden,

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Jacob Yerke | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:            ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS)**

On November 26, 2011,[1] Nathan Gregory Sessing ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320,

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on November 26, 2011. (See Petition at 10) (The Court refers to the pages of the Petition as if they were consecutively paginated.).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 11-09953 JHN (SS)                    Date: December 2, 2011
                                                     Page 2 of 5

Title:       Nathan Gregory Sessing v. Martin Biter, Warden,

336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). By creating the AEDPA limitations period, Congress intended to "'halt the unacceptable delay which ha[d] developed in the federal habeas process.'" Calderon v. United States District Court (Kelly III), 127 F.3d 782, 785 (9th Cir. 1997) (citation omitted), overruled in part on other grounds, Kelly V, 163 F.3d at 540.

   Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 11-09953 JHN (SS)            Date: December 2, 2011
                                             Page 3 of 5

Title:      Nathan Gregory Sessing v. Martin Biter, Warden,

      As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction appears to have become final on December 24, 2008, ninety days after the California Supreme Court denied Petitioner's petition for review on September 25, 2008. (See Petition at 3); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days after the entry of judgment). Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on December 25, 2008 and expired one year later, on **December 25, 2009.** The instant Petition was not constructively filed until November 26, 2011. Therefore, it is untimely by 1 year, 11 months, and 1 day, absent tolling.

      The AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

      Here, Petitioner filed his first state habeas petition in the Ventura County Superior Court on July 16, 2009 and the California Supreme Court denied his final state habeas petition on May 10, 2010. (Petition at 4-5). Assuming that these state habeas petitions were properly filed and that Petitioner is therefore entitled to statutory tolling for this entire period, the AEDPA limitations period would have run from December 25, 2008 until July 15, 2009

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.    CV 11-09953 JHN (SS) | Date: December 2, 2011 |
| | Page 4 of 5 |

Title:    Nathan Gregory Sessing v. Martin Biter, Warden,

(202 days) and from May 11, 2010 until October 21, 2010 (163 days), when the limitations period would have expired (202 + 163 = 365). Because the instant Petition was not constructively filed until November 26, 2011, the Petition appears to be untimely even with statutory tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, __U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (June 14, 2010). Petitioner seeks equitable tolling because his attorney "miscalculated the date by which [Petitioner's] federal petition had to be filed." (Petition at 7). However, the Supreme Court has held that "[a]ttorney miscalculation [of AEDPA's limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 337, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); accord Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002). Based on Petitioner's allegations in the Petition, he does not appear to be entitled to equitable tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the Court of any reason that he may be entitled to statutory or equitable tolling.
\\
\\

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.    CV 11-09953 JHN (SS)            Date: December 2, 2011
                                            Page 5 of 5

Title:    Nathan Gregory Sessing v. Martin Biter, Warden,

  **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

  **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** See Fed. R. Civ. P. 41(b).

  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk ___